WALTER F. TATE v. EUGENE A. HAMILTON.

*Pleading—Bill of particulars—Date of sale of chattels—Amendment.*

In a suit to recover the balance claimed to be due on the sale of a horse, the date of the transaction as fixed in the bill of particulars is not necessarily controlling.

So *held*, where the plaintiff claimed to have sold a horse to an employé of the defendant for $100, retaining the title as security, and that the defendant agreed to pay for the horse out of the employé's wages; that a few days afterwards the defendant informed plaintiff that the horse would not answer the desired purpose; and that the first contract was canceled, and a

new arrangement made with the defendant, by which he took another horse in place of the first one, for which he agreed to pay $110, but the title to the second horse was not retained as security. The bill of particulars fixed the date of the transaction as of the time of the sale of the *first* horse, and the case was twice tried, each trial resulting in a recovery by the plaintiff of the balance claimed. On the third trial objection was made to any testimony relating to the sale of the *second* horse, on the ground that the plaintiff was confined to proof of a sale on the day named in his bill of particulars, and the court excluded the testimony, which ruling is held erroneous.

Error to Kent. (Burch, J.) Argued May 9, 1890. Decided June 6, 1890.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*William W. Irwin,* for appellant.

*Haggerty & Goss,* for defendant, contended:

1. The office of a bill of particulars is to inform the opposite party of the causes of action the party giving it intends to rely on at the trial, not specifically set out in the declaration; citing *Davis v. Freeman,* 10 Mich. 188; *Cicotte v. Wayne Co.,* 44 Id. 173.

CAHILL, J. Plaintiff brought an action of *assumpsit* against the defendant, before William O. Westfall, a justice of the peace of the city of Grand Rapids, declaring orally on the common counts. Defendant pleaded the general issue, and gave notice of defense under the statute of frauds. On April 16, 1889, the justice rendered a judgment for the plaintiff of $51, and costs, and defendant appealed to the circuit court. On June 1 plaintiff, at the request of the defendant, filed a bill of particulars as follows:

"Please take notice that the following is a bill of particulars of the plaintiff's demand in this cause, and for the recovery of which this action is brought, to wit:

"Sept. 12, 1888.

| | |
|---|---|
| To the price and value of one horse | $110 00 |
| Cr. | |
| By cash in various items | 59 00 |
| Balance due | $51 00" |

On June 20, 1889, the cause was tried before Hon. W. E. Grove, circuit judge, and a jury, and resulted in a verdict for the plaintiff of $51, and costs. On July 8, 1889, on motion of defendant, a new trial was granted. On October 17, 1889, the cause was again tried in the Kent circuit, and resulted in a verdict of no cause of action. The plaintiff brings error.

The plaintiff claims that, having a horse to sell, he offered to sell it to one Cunningham for $100, provided Cunningham could secure him for the purchase price. Cunningham told the plaintiff that he was about being employed by the defendant, Hamilton, and that, if plaintiff would let him have the horse, Hamilton would secure the payment of it. Cunningham finally told the plaintiff if he would let him have the horse he would pay for it at the rate of $6 a week. The next morning after that conversation Cunningham and Hamilton came to see the plaintiff, and plaintiff told Hamilton he had agreed with Cunningham to let him have a bay horse for $100, provided he (Hamilton) would agree to pay for it at the rate of $6 a week out of Cunningham's wages. Hamilton said he would do so, and paid the plaintiff $10. That was on the 12th of September. On the same day Cunningham executed and delivered to the plaintiff the following paper:

"GRAND RAPIDS, September 12, 1888.

"I have This Day sold to J. A. Cunningham One Bay Horse, Formerly Owned by Pat Cade, Weighing About 12 Hundred Pounds; Price to Bee One Hundred Dollars, and the said Horse Discribed Shall Not Pass From the

Said Walter F. Tate Poseson till He is Payed For. Paible in Weekly Payments after The First Week at 6 six Dollars pr. Week. [Signed] J. A. CUNNINGHAM."

On this paper was indorsed $10, paid. Cunningham took the horse away, and worked him about 10 days, when Hamilton, the defendant, came to the plaintiff, and told him that the horse sold to Cunningham would not answer his purpose; that he would not do the work that was required of him, and asked the plaintiff if he could let him have another one. The plaintiff told him he had a buckskin horse that would stand his business, but that he wanted $10 more for him  Afterwards Cunningham came to the plaintiff's barn, and returned the bay horse, and took away the buckskin horse. Hamilton agreed to pay the plaintiff for it. No memorandum was made with reference to this second horse. The plaintiff testified that, at the time of the first conversation, when the bay horse was bought, and at the time of the second conversation, when the bay horse was returned and the buckskin horse taken away, Cunningham and Hamilton were both present. Thereupon counsel for plaintiff asked the witness the following questions, and the following proceedings were had:

" Q. At the time this second horse was delivered to Cunningham was this first agreement that you had in regard to the first horse canceled and set aside?

"A. Yes, sir.

" Q. And a new and separate agreement made, entirely different from the other one?

"A. Yes, sir.  No writing, but a verbal agreement."

Counsel for defendant objected to any testimony in regard to the second horse, upon the ground that the bill of particulars showed plaintiff's claim to be for a horse sold September 12, 1888, and that plaintiff must be confined to proof of a sale on that day.

" The Court.  I feel very clear on one proposition, and

that is, that under your bill of particulars, and from the testimony of the plaintiff that the first transaction occurred on the 12th of the month, that was in relation to the first horse, you cannot offer any evidence, except that of mere substitution,—that the second horse merely took the place of the first horse, but substantially it was the same bargain, with a slight additional compensation for that horse. In this case you cannot go to work and inform people by your bill of particulars that you expect to rely on one bargain, and then come into this court and surprise them by relying on another. You are bound by your bill of particulars."

And thereupon the court ruled that the only thing the plaintiff was entitled to go to the jury on was the transaction that occurred on the 12th of September; to which counsel for plaintiff excepted.

As this case had been tried twice before this question was raised, and plaintiff had recovered the balance stated in the bill of particulars to be due him, presumably upon the same theory upon which he now sues to recover, the claim of defendant's counsel, that he was surprised by the date of the transaction in the bill of particulars, does not seem to me to have much force. The plaintiff claims that an entirely new arrangement was made with the defendant in relation to the buckskin horse; that he took no memorandum whereby he was to retain the title of the buckskin horse until it should be paid for, but that he relied entirely upon Hamilton for his pay. He had a right to go to the jury upon that theory, and the court had no right to insist that the memorandum made on the 12th of September by Cunningham should, of necessity, apply to the buckskin horse. The date of the transaction given in the bill of particulars was not necessarily controlling. It appeared that the action was brought to recover a balance due on a horse sold for $110, and that was as good evidence to the defendant of the real

81 MICH.—15.

transaction under which the plaintiff would claim as the
date. The permission accorded by the court to plaintiff
to amend his bill of particulars upon the terms that he
should pay the costs and permit the case to go over the
term was not, under the circumstances, a reasonable
exercise of the court's discretion. A formal amendment
should have been allowed without costs or delay. The
claim of surprise on the part of the defendant, being so
clearly a mere pretense, should have been disregarded.

In his charge to the jury the court said:

"I will give to you, in a qualified way, the third
request of defendant's counsel. I will read to you, first,
the request:

"'It was the evident intention of the parties that the paper
which has been offered in evidence here, and which it is the duty
of the court to explain, should be considered as a chattel mortgage
of the horse from Cunningham to Tate, or as a bill of sale of the
horse from Tate to Cunningham; and, consequently, it must be
construed as a contract that the title of the horse should not pass
from Tate until it was paid for; therefore, as a matter of law, the
plaintiff, since he retained the title of the horse in himself, cannot
look to the defendant for his pay, but must look to Cunningham,
and he cannot recover in this case on any alleged contract made
with defendant on or before September 12, 1888.'

"*The Court:* I will explain the whole matter. You
may strike out the latter part of it. I will say to you in
qualification of this, that I did not desire to instruct
you what the evident intention of the parties was in
connection with this paper. You must take the evidence
as your guide upon that subject,—the surrounding cir-
cumstances and the testimony of the witnesses in con-
nection with the paper. But if you find that that paper
was taken for the purpose of retaining the title of the
horse in the plaintiff until the horse should become paid
for at the rate of six dollars a week, then I instruct you
that it would be practically impossible for you to arrive
at the conclusion that the defendant, Hamilton, under-
took and promised originally to pay for and become
responsible for the horse."

This instruction was erroneous for the same reason that
the ruling before discussed was erroneous. It was a part

of the theory of the court, adhered to throughout the trial, that the plaintiff, in attempting to recover for the balance due on the buckskin horse, was necessarily controlled by the agreement and written memorandum of September 12, made 10 days before the plaintiff claimed the buckskin horse was sold. The defendant claimed that this was so; that the buckskin horse was simply substituted for the bay horse, and that the plaintiff had a claim on the buckskin under the memorandum of September 12. But the plaintiff claimed otherwise, and he had a right to go to the jury upon that theory, and, in this view, the instruction of the circuit judge just quoted was erroneous.

We regret exceedingly that this case must be sent back for a new trial. The prosecution of trivial causes from one court to another, until the costs and expenses of the litigation are greater than the amount originally involved, is to be regretted. Such litigation should be discouraged in all possible ways consistent with the due administration of justice, but we do not see how we can deny a new trial in this case without injustice.

The judgment is reversed, with costs.

The other Justices concurred.