GUSTAVE A. WOLF v. WILLIAM W. IRWIN.

*Principal and agent—Appeal—Conclusiveness of finding of jury.*

The issue involved in this case was whether the defendant, in con-
tracting for the printing of a record, bound himself or his
client. And it is held that the finding of the jury of this dis-
puted question of fact against the defendant is conclusive.

Error to Kent. (Grove, J.) Submitted on briefs
December 5, 1890. Decided December .24, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The
facts are stated in the opinion.

*A. D. Hawley,* for appellant.

*M. H. Walker,* for plaintiff.

GRANT, J. This suit originated in justice's court, and
involves the sum of $14.35, being the cost of printing the
record in the case of *Tate v. Hamilton,* 81 Mich. 221.
Plaintiff recovered judgment in justice's court. Defend-
ant appealed to the circuit court, where verdict and judg-
ment were, again rendered for plaintiff, and defendant
appeals. The costs now amount to many times the value
of the judgment.

The record was printed by one Neinhardt, at the agreed
price of 35 cents per page. The agreement was made be-
tween Neinhardt and the defendant, who was the attorney
for Tate in his appeal to this Court. Neinhardt assigned
the claim to the plaintiff. The record in this case con-
sists of 112 pages, the briefs for the appellant 32 pages,
and the brief for the plaintiff 21 pages.

The principal question in the case, and the one upon
which defendant's liability hinges, is whether the defend-

ant in the agreement with Neinhardt bound himself or his client. It would be of no value to the profession or to the public to enter into the details of the evidence upon this question. It is sufficient to say that the evidence upon the part of the plaintiff tended to show that Neinhardt did not know Tate; that he dealt solely with the defendant; that he gave credit to the defendant; and that the contract was made with him as principal, and not as the agent of Tate. The evidence on the part of the defendant tended to show that he informed Neinhardt that the work was for Tate, and that he made the contract as his agent. A clear and concise issue of fact was presented for the determination of the jury. The court instructed the jury that the controversy was whether Mr. Irwin contracted with Mr. Neinhardt upon his own responsibility, rendering himself personally liable, or whether he contracted as the agent of his client, rendering his client liable for the work. All the instructions to the jury given by the circuit judge were based upon this proposition, and were correctly given. They were such as are familiar to the profession, and it would be profitless to repeat them here. It is unnecessary to consider any of the specific errors alleged. The jury found the disputed question of fact as to the defendant's liability against him, and this is conclusive.

Judgment is affirmed, with costs.

The other Justices concurred.